IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 1:16-cv-02745-RPM

UNITED STATES OF AMERICA and
THE STATE OF COLORADO,

      Plaintiffs,

LOWER ARKANSAS VALLEY WATER CONSERVANCY DISTRICT and
THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF PUEBLO,

      Intervenor Plaintiffs,

v.

CITY OF COLORADO SPRINGS, COLORADO,

      Defendant.

---

# SCHEDULING ORDER

---

**THERE ARE NO COURT-IMPOSED LIMITATIONS ON THE NUMBER OF PAGES OR WORDS IN ANY FILINGS MADE IN THIS CIVIL ACTION.**

Following the preliminary conference held on February 16, 2017 [*see* Courtroom Minutes, Doc. 29] and the scheduling conferences held on May 2, 2017, June 15, 2017, and September 1, 2017 [*see* Courtroom Minutes, Docs. 42, 44, 51], and having considered Plaintiffs' Proposed Case Management Plan and Schedule [Doc. 50], Defendant's Response thereto [Doc. 52], and Plaintiffs' Reply [Doc. 57], this Scheduling Order is issued pursuant to Federal Rule of Civil Procedure 16(b).

## STATEMENT OF JURISDICTION

The Court has subject matter jurisdiction in this case pursuant to 33 U.S.C. § 1319(b)

and 28 U.S.C. §§ 1331, 1345, 1355, and 1367.

## CLAIMS AND EXEMPLAR SITES – FIRST TRIAL

For purposes of litigating liability only, the following exemplar sites will be used in

the first trial:

| Exemplar Site | Issues Addressed | Claim Number(s) |
|---|---|---|
| Indigo Ranch North at Stetson Ridge Filings 11, 13, and 14 | Has the City violated its permit by failing to require permanent stormwater control measures and/or water quality capture volume at new development and redevelopment projects, including granting "residential waivers" for these controls? | **4** (Stormwater Controls and Water Quality Capture Volume) |
| Morningstar at Bear Creek Extended Detention Basin ("Morningstar EDB") | Has the City violated its permit by failing to ensure that post-construction BMPs (such as EDBs) are properly designed, approved, and installed at new development and redevelopment projects?<br><br>Has the City violated its permit by failing to ensure long-term operation and maintenance of post-construction BMPs (such as EDBs) at new development and redevelopment projects? | **5** (Post-Construction BMPs – Design, Approval, Installation)<br><br>**6** (Post-Construction BMPs – Long-term Operation, Maintenance)[1] |

---

[1] The portion of this claim addressing tracking of BMPs is set aside for a later phase of this case.

| Exemplar Site | Issues Addressed | Claim Number(s) |
|---|---|---|
| Star Ranch Filing 2 | With regard to construction sites, has the City violated its permit by failing to provide adequate oversight over Stormwater Quality Control Plans, failing to ensure implementation of these Plans, and failing to enforce the City's construction requirements at those sites? | **8** (Construction Sites Stormwater Control Plans)<br><br>**9** (Construction Sites Stormwater Control Plans – Implementation)<br><br>**10** (Construction Sites Stormwater Control Plans – Enforcement) |

### UNDISPUTED FACTS

1.      The City of Colorado Springs is a political subdivision of the State of Colorado.

2.      The City owns and operates a municipal separate storm sewer system, commonly known as an MS4.

3.      The City's MS4 includes, but is not necessarily limited to, roads with drainage systems, municipal streets, catch basins, curbs, gutters, ditches, man-made channels, and storm drains.

4.      The City is categorized as a Phase 1 MS4 because it serves a population of 100,000 or more.

5.      The City's MS4 discharges to Monument Creek, Fountain Creek, Camp Creek, Cheyenne Creek, and Shooks Run, among other waters, within the Arkansas River watershed.

6.      Fountain Creek, and Monument Creek that flows into Fountain Creek, are perennial tributaries that flow into the Arkansas River.

7.      The City has a current Colorado Discharge Permit System ("CDPS") permit for its MS4.

8.      The City's current MS4 permit was issued by the State of Colorado and is identified as CDPS Permit No. COS-000004.

9.      Current CDPS Permit No. COS-000004 was effective by its terms from November 1, 2011 through October 31, 2016 and has been administratively extended by the State of Colorado.

10.     The City's first CDPS MS4 permit was issued in 1997 and was also identified as CDPS Permit No. COS-000004. The City's first MS4 permit was effective by its terms from October 12, 1997 through September 30, 2002 and was administratively extended by the State of Colorado until March 4, 2004.

11.     The City's second CDPS MS4 permit was issued in 2004 and was also identified as CDPS Permit No. COS-000004. The City's second MS4 permit was effective by its terms from March 4, 2004 through February 28, 2009 and was administratively extended by the State of Colorado until November 1, 2011.

12.     The City's MS4 Permit requires it to develop, implement, and enforce a Stormwater Management Program, among other provisions.

13.     In November 2016, the City released the Stormwater Program Implementation Plan, which states, at page 2, that "[t]he City has created a separate Stormwater Division within its Public Works Department. City staff dedicated to stormwater work, as expressed in full time equivalents (FTEs), will increase from 28 FTEs to 66 FTEs between late 2015 and the end of 2017."

## DISCOVERY PLAN

The following discovery plan will govern informal and formal discovery for the first trial:

1.      Discovery for the first trial will focus on liability at three exemplar sites: Indigo Ranch North at Stetson Ridge Filings 11, 13, and 14; Morningstar EDB; and Star Ranch Filing 2.

2.      The Stipulation Regarding Discovery Procedure [Doc. 35] approved by Order of April 3, 2017 [Doc. 36] and now referred to as the "Discovery Order" will govern any informal and formal discovery in this case, including discovery for the first trial.

3.      The court understands that the parties exchanged their Rule 26(a)(1) Initial Disclosures on June 23, 2017.

4.      The parties met to discuss informal discovery on June 29, 2017, and are expected to continue those discussions as necessary to work through informal discovery issues.

5.      The parties will continue to engage in informal discovery up to October 20, 2017 ("Informal Discovery Period"). In addition to the Discovery Order [Doc. 35], the following parameters will apply to the Informal Discovery Period:

       a.      The same obligations to search for, produce, and supplement formal discovery will apply to any informal discovery.

       b.      The parties will voluntarily produce, on a rolling basis, all documents and ESI relevant to the claims and defenses of the parties regarding liability for the three exemplar sites, regardless of whether the producing party intends to use them in

litigation. The parties may make additional productions of relevant documents and ESI as those materials become available during the Informal Discovery Period.

      c.      For the Informal Discovery Period, relevant documents and ESI include, but are not limited to, the following categories:

      (1)      Emails, letters, and any other correspondence regarding the three exemplar sites and/or stormwater waivers for residential developments;

      (2)      Notes (including field notes), plans, reports, memoranda, and engineering analyses of any applications, approvals, reviews, inspections, management, oversight, or other activities relating to the three exemplar sites or to stormwater waivers for residential developments; and

      (3)      Maps, diagrams, drawings, or any other images of the three exemplar sites, including any planned or constructed portion of those sites.

      d.      Documents and/or ESI not produced pursuant to Paragraph 5(b), *supra*, shall be catalogued on a privilege log, pursuant to the requirements of the Discovery Order [Doc. 35 at 9-10, 12-16]. Privilege logs for voluntary productions made during the Informal Discovery Period must be disclosed on or before October 20, 2017, the end of the Informal Discovery Period.

      e.      During the Informal Discovery Period, the parties may make reasonable follow-up requests for additional relevant documents and ESI. The parties will respond to any informal requests within ten (10) days, unless the parties agree to a longer time period. If a party cannot reasonably respond to an informal follow-up request, the party will notify the requesting party. The requesting party may seek the same information through the formal discovery process.

6.      For paper document production, Defendant has given Plaintiffs Excel spreadsheets that identify the contents of approximately 1,275 boxes. The spreadsheets mark the boxes that Defendant believes to be relevant to the three exemplar sites. Plaintiffs are in the process of reviewing the contents of these boxes.

7.      Formal discovery under the Federal Rules of Civil Procedure shall be available for additional discovery related to the three exemplar sites, including depositions, interrogatories, requests for production of documents, and requests for admissions. *See* Fed. R. Civ. P. 30, 31, 33, 34, 36.

8.      The parties will be limited each to five (5) oral and written depositions during discovery related to the three exemplar sites. That is, the Plaintiffs will be allowed to take up to a total of five (5) oral and written depositions of Defendant. Likewise, Defendant will be allowed to take up to a total of five (5) oral and written depositions of the Plaintiffs, which are to be treated as a single discovery entity. [Am. Courtroom Minutes, Doc. 42 at 1.]

9.      The parties will be limited each to twelve (12) interrogatories during discovery related to the three exemplar sites. That is, the Plaintiffs will be allowed to propound up to a total of twelve (12) interrogatories on Defendant. Likewise, Defendant will be allowed to propound up to a total of twelve (12) interrogatories on the Plaintiffs, which are to be treated as a single discovery entity. [Am. Courtroom Minutes, Doc. 42 at 1.]

10.     The parties will provide to the court the information set forth below on or before October 20, 2017:

Plaintiffs' Deponents:

| Name | Contact Information | Position or Affiliation |
|------|---------------------|-------------------------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Defendant's Deponents:

| Name | Contact Information | Position or Affiliation |
|------|---------------------|-------------------------|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

**CASE SCHEDULE**

1.      The filing of amended and supplemental pleadings will be made pursuant to

Federal Rule of Civil Procedure 15. Other parties may be joined only with the court's leave.

2.      The Informal Discovery Period ends on October 20, 2017.

3.      The deadline for propounding formal discovery (interrogatories, requests for

production of documents, requests for admissions) is November 3, 2017.

4.      Fact discovery ends on December 22, 2017.

5.      Opinion Witness Disclosures:

a.      The party bearing the burden of persuasion on the issues for which opinion is to be offered under Federal Rule of Evidence 702 shall designate the witness and provide opposing counsel with all information specified in Federal Rule of Civil Procedure 26(a)(2) on or before January 5, 2018.

b.      The parties shall designate all contradicting opinion witnesses and provide opposing counsel with all information specified in Federal Rule of Civil Procedure 26(a)(2) on or before January 26, 2018.

c.      Any rebuttal opinions will be exchanged on or before February 16, 2018.

1.      Rule 26(a)(2) opinion discovery ends on March 16, 2018.

2.      Pre-trial briefs are due by April 13, 2018.

3.      Trial date and length of trial will be set at the pre-trial conference to be scheduled after completion of discovery.

## AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of ***good cause***.

DATED: September 20, 2017                    BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge